Roman, J. NY

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED: 2/10/2016                │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KORANE WOMACK,

                    Plaintiff,

       -against-

C.O. LAMPON, et al.,

                 Defendants.

-------------------------------------------------------------X

Docket No. 15 Civ 5972 (NSR)

**STIPULATION OF
SETTLEMENT, GENERAL
RELEASE AND ORDER OF
DISMISSAL**

     This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff KORANE WOMACK ("Plaintiff") and Defendants Carlos Lampon, William Stevens, Keith Chase, Clifford Gunsett,[1] Justine Grover, Tennesee Palmer, Luis Cabrera, Jason Brothers, Damion Blake, Matthew Buonato, Steven Walrath, Susan Hann, and Debbie Gwaltney ("Defendants"), as of ~~January~~ *February* 9, 2016:

     WHEREAS, Plaintiff commenced this action by filing a complaint on or about July 28, 2015 (the "Complaint"), in this Court, Docket Number 15 Civ. 5972, against Defendants in the above-captioned action ("the Action"), alleging that Defendants violated Plaintiff's rights under 42 U.S.C. § 1983 on or about December 7, 2013, while Plaintiff was an inmate at Green Haven Correctional Facility; and

     WHEREAS, Defendants, whether in their individual or official capacities, and the State of New York expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

---

[1]    Defendant Clifford Gunsett has yet to be served with process in this Action. This Settlement Stipulation shall not be construed as a waiver of personal jurisdiction upon Clifford Gunsett.

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in the Complaint in the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

1.   **Dismissal of the Action With Prejudice**

The Action and all claims asserted therein are discontinued with prejudice against Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

2.   **Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of Nine Thousand Nine Hundred and Ninety-Nine Dollars ($9,999.00), in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, and the State of New York arising out of conduct, acts, or omissions prior to, up to and including the date of this

Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

a.    The State of New York, on behalf of the Defendants, shall pay to Plaintiff the sum of Nine Thousand, Nine Hundred and Ninety-Nine Dollars ($9,999.00), for which an I.R.S. Form 1099 shall be issued, in full satisfaction and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to property, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to and forwarded to Plaintiff Korane Womack at Monroe County Jail, 130 S. Plymouth Ave., Rochester, NY 14614, or, if Plaintiff is incarcerated in a State correctional facility at the time of payment, forwarded to that State correctional facility for deposit in his inmate facility/departmental account.

3.    **State Approval of Payments**

Payment of the settlement amounts specified in Paragraph 2 of this Settlement Stipulation are subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating

payment. In the event such approval is not obtained, this Settlement Stipulation shall be null, void, and of no further force and effect.

## 4.   Accrual of Interest

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 2(a) of this Settlement Stipulation, has not been made by the ninetieth (90th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 2(a), 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount paid to Plaintiff, as specified in 2(a) and (b), not paid by the ninetieth (90th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the ninety-first (91st) day. The provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payments to Plaintiff hereunder.

## 5.   Responsibility of Plaintiff for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amounts specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants, the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will

indemnify and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6. **Responsibility of Plaintiff for Liens**

Plaintiff agrees that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) that may attach to the settlement amounts specified in Paragraph 2 of this Settlement Stipulation. Plaintiff shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that he will defend, indemnify and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

7. **Medicare Certification**

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form

annexed hereto as Exhibit A, to the OAG. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amounts specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraph 3 of this Settlement Stipulation.

8.     **Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action.  If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or New York State Department of Corrections and Community Supervision and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Stipulation.  Upon receipt of all required documentation under Paragraphs 2(a), 3, and 7, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

9.     **General Release**

In consideration of the payment of the sum recited in Paragraph 2 above, Plaintiff hereby releases and discharges Defendants and any and all current or former employees or agents of New York State or the New York State Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State

Department of Corrections and Community Supervision (including, but not limited to, any and all agencies, departments, and subdivisions thereof), from any and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint in this Action.

10.   **No Other Action or Proceeding Commenced**

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, for any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint in this Action, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

11.   **No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

12. <u>**Successors and Assigns**</u>

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

13. <u>**Authority**</u>

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

14. <u>**Voluntary Agreement**</u>

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. The parties hereto acknowledge that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

15. <u>**No Admission of Liability**</u>

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action. Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of New York State Department of Corrections

and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

16.   **No Precedential Value**

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

17.   **Entire Agreement**

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

18.   **Governing Law**

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed

wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

19.   **Severability**

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

20.   **Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

21.   **Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

THIS SETTLEMENT STIPULATION INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN CLAIMS

Dated: Rochester, New York
~~January~~ February 2, 2016

**KORANE WOMACK**
Plaintiff *Pro Se*

*Korane Womack*
Korane Womack (291506)
Monroe County Jail
130 S. Plymouth Ave.
Rochester, NY 14614

Date:   New York, New York
~~January~~ February 10, 2016

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for Defendants*

Mary Kim
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8687

## ACKNOWLEDGMENT

On the 2 day of ~~January~~ February, 2016, before me came, plaintiff,  Korane Womack, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

Notary Public

Norarose J. DeMarco
Notary Public, State of New York
Reg # 01DE5002228
County of Monroe
Commission Expires March 23, 20 19

**SO ORDERED:**

Dated:

_____
U.S.D.J.

February 10, 2016

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KORANE WOMACK,

                Plaintiff,

    -against-

C.O. LAMPON, et al.,

                Defendants.
-----------------------------------------------------------X

Docket No. 15 Civ 5972 (NSR)

AFFIDAVIT OF STATUS
OF MEDICARE ELIGIBILITY

STATE OF NEW YORK    )
                    ) ss.:
COUNTY OF MONROE    )

KORANE WOMACK, being duly sworn, deposes and says:

1.    I am the Plaintiff in the above-captioned action ("the Action"), and currently reside at Monroe County Jail, 130 S. Plymouth Ave., Rochester, NY 14614.

2.    I make and submit this affidavit with full knowledge that the same will be relied upon by the Office of the Attorney General ("OAG"), its employees, agents, and representatives in connection with the settlement of the Action, specifically as it relates to the State of New York's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP"). I understand that a query will be or has been made to verify my current Medicare eligibility status.

3.    I hereby acknowledge and understand that as mandated by the Centers for Medicare and Medicaid Services ("CMS") and promulgated by and through its rules and regulations including, but not limited to, the MMSEA and MSP, I am required to: (a) reimburse Medicare for *conditional payments* it has made on my behalf for injuries alleged in the Action

- 1 -

from the proceeds of the settlement herein; and/or (b) utilize the settlement proceeds to pay for any future medical expenses, when necessary, for injuries alleged in the Action.

4.      I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to MMSEA and MSP and as deemed necessary by the OAG.

5.      I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to the MMSEA and MSP.

### PEDIGREE INFORMATION
*Please provide the noted personal background information.*

6.      I have been known by the following names (please include any all aliases, former names, and/or maiden names): _Korane K. Womack_ . I hereby acknowledge that I can be identified by these names and that all these names are indeed referring to me.

7.      I consent to the OAG verifying my current Medicare eligibility for purposes of its compliance with the MMSEA and MSP, and affirm that:

    a.      my social security number is ██████████ ;

    b.      my date of birth is █████████ ; and

    c.      my gender is (male) female.

- 2 -

## CURRENT MEDICARE ELIGIBILITY

*✎ Please initial and affirm your applicable current Medicare eligibility status. ✎*

As of the date of this affidavit *(please select either paragraph [8] or [9])*:

8.　　✎ ✓ **KW**　　I am not currently receiving nor have I ever received Medicare coverage and/or benefits.

9.　　✎ _____　　I am a Medicare beneficiary and my Medicare Health Insurance Claim ("HIC") number is _____. I am aware of my obligation to reimburse Medicare for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for any injuries alleged in the Action. I understand that reimbursement directly to Medicare may be made from any proceeds I receive from the settlement of the Action, and affirm that *(please select either sub-paragraph [a], [b], or [c])*:

　　a.　　✎ _____　　Medicare has confirmed that no payment is due and owing from the total proceeds of the settlement of the Action. *(Please attach a copy of Medicare's letter.)*

　　b.　　✎ _____　　Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Please attach a copy of the Medicare reimbursement letter).* In accordance with the attached Medicare reimbursement letter, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

　　c.　　✎ _____　　I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to the assigned Assistant Attorney General and to the OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG or the New York State Department of Health ("DOH"), or any of their officials, employees or agents, whether in their individual or official capacities, for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

- 3 -

## FUTURE MEDICARE ELIGIBILITY

*Please initial and affirm applicable future Medicare eligibility status*

As of the date of this affidavit *(please select either paragraph [10], [11] or [12])*:

10.   _Kw_ ✓   I do not expect to be a Medicare recipient within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that:

      a.    I have not applied for Social Security Disability Insurance (SSDI);
      b.    I have not been denied SSDI and do not anticipate appealing that decision;
      c.    I am not in the process of appealing or re-filing for SSDI;
      d.    I am not 62.5 years or older; and
      e.    I do not have End Stage Renal Disease (a qualifying condition for Medicare).

11.   _____   I am not currently a Medicare beneficiary.  However, I anticipate that I will be Medicare eligible within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that *(please select either sub-paragraph [a] or [b])*:

      a.    _____   I do not require any future treatment for injuries alleged in the Action.  The required certification(s) for the injuries alleged in the Action is/are attached.  The attached certification(s) attest(s) that there is no anticipated future treatment required for the injuries alleged in the Action.

      b.    _____   I do require future treatment for the injuries alleged in the Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement of the Action.  I affirm this sum will be used for medicals expenses relating to the injuries alleged in the Action.

12.   _____   I am currently a Medicare beneficiary, and affirm that *(please select either sub-paragraph [a] or [b])*:

      a.    _____   I do not require any future treatment for injuries that are the subject of the Action.  The required certification(s) for the injuries alleged in the Action is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries alleged in the Action.

      b.    _____   I do require future treatment for the injuries alleged in the Action.  In accordance with the attached Medicare Set-Aside Trust

- 4 -

("MSA"), I consent to the payment of $_____, payable to
_____ from the total proceeds of the settlement of the Action.
I affirm this sum will be used for medicals expenses relating to the injuries
alleged in the Action.


KORANE WOMACK

Sworn to before me this
_2_ day of _February_, 2016.


NOTARY PUBLIC


Norarose J. DeMarco
Notary Public, State of New York
Reg # 01DE5002228
County of Monroe
Commission Expires March 23, 20_19_

- 5 -